I dissent. Although our caselaw states that issues regarding negligence — especially contributory negligence — are usually not matters proper for disposition by summary judgment, I believe that in this particular case Coca-Cola and Edwards presented substantial evidence indicating that no genuine issue of material fact exists and that they are entitled to a judgment as a matter of law. The testimony of Whitaker, Edwards, Tucker, Welch and Reaves suggests that this accident actually comprised two separate incidents that were physically unconnected — the Edwards accident, which occurred before the Coca-Cola truck ever even reached the bridge, and the Whitaker accident, which occurred on the opposite side of the bridge. The *Page 1259 
only causal connection that could be made in this case by any stretch of the imagination is that Whitaker's accident indirectly resulted out of his attempt to avoid a collision with Edwards's truck; this is improbable, given that after the accident the two trucks were located some 300 feet away from each other on completely opposite sides of the bridge. Moreover, Talbott testified that despite the road conditions, Whitaker should have been able to bring his truck to a stop before it collided with the bridge or would have collided with Edwards's truck. Cook testified that although Whitaker made the right decision in attempting to stop his truck when he saw that Edwards was having problems controlling his own vehicle, he found fault in Whitaker's execution of the braking maneuver, which, in his opinion, caused Whitaker's accident. Given these circumstances, I believe Coca-Cola and Edwards presented substantial evidence indicating that there is no genuine issue of material fact regarding Whitaker's negligence in causing his own accident and I believe that they are entitled to a judgment as a matter of law. I would not have concluded that the trial court erred in granting their motion for a summary judgment.